THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS ARMSTRONG, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 07-C-6916 |
| | ) | |
| | ) | Hon. Ronald A. Guzman |
| | ) | |
| v. | ) | Magistrate Judge Sidney I. Schenkier |
| | ) | |
| | ) | |
| | ) | |
| Interactive Brokers, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS COMPLAINT**

Peter J. Berman
Peter J. Berman, Ltd.
332 S. Michigan Avenue
Suite 1000
Chicago, Illinois 60604
No. 0190535
Attorney for Plaintiffs

TABLE OF CONTENTS

I.      INTRODUCTION………………………………………………….………………..1

II.     SUMMARY OF FACTS ALLEGED…………………………….……………….…..1

III.    ARGUMENT…………………………………………………………………….…..3

A.      Interactive Owed the Plaintiffs a Duty of Due Care

        *Choi v. Chase Manhattan Mortgage Co.*, 63 F.Supp.2d 874, 885

        (N.D.Ill.1999)……………………………………………………..………………3

        *Index Futures Group, Inc. v. Ross*, 199 Ill.App.3d 468, 557 N.E.2d 344, 348

        (1stDist.1990)…………………………………………..………………………………3

        *Tark v. Shearson/American Express, Inc.*, 123 Ill.App.3d 75, 462 N.E.2d 610,

        614 (1tDist.1984)………………………...………………………..…….………………3

        *Eastern Trading Co. v. Refco, Inc.*, 229 F.3d 617, 624 (7[th]Cir.2000)……........…….……………3

        *Berthoud v. Veselik*, 2002 WL 1559594 *6 (N.D. Ill.)…………………..………………….4

        *Unity House, Inc. v. First Commercial Financial Group,* 1997 WL 701345

        *12-13 (N.D.Ill.), *abrogated on other grounds,* 153 F.3d 464 (7[th]Cir.1998)……..……………4

        *Bloomington Partners, LLC. V. City of Bloomington*, 2005 WL 3536340

        *9-11   (C.D.Ill. 2005)…………………………………………………....…………………5

B.      Interactive Recklessly Failed to Train and Supervise its Employees

        *Van Horne v. Muller*, 294 Ill.App.3d 649, 657, 691 N.E.2d 74, 79

        (1stDist.1998), *affirmed in part and reversed in part on other grounds*,

        185 Ill.2d 299, 705 N.E2d  898 (1998)……………………………….. …….…………………..…..5

        *Mueller v. Community Consolidated School Dist. 54*, 287 Ill.App.3d 337,

        341-42, 678 N.E.2d 660, 664 (1stDist. 1997)………………………………………….....5

        *Hodgson v. Gilmartin*, 2006 WL 2869532 *4 (E.D.Pa.)………..………………….…….…5

        *In re First National Trading Corp.*, [1992 Transfer Binder] Comm. L. Rep.

        (CCH) ¶26,142 at 41,786 (1994), aff'd., without an opinion…..….…..………………….…..5

        *Monieson v. CFTC*, 996 F. 2d 852 (7thCir.1993)…....................…………………...5

        *In re Paragon Futures Assoc.*, [1990-1992 Transfer Binder] Comm. Fut. L.

        Rep.  (CCH) 25,266 at 38,850 (1992)………………………...……….……………...……..5

*CFTC v. Trinity Financial Group Inc.*, [1996-1998 Transfer Binder] Comm.

Fut. L. Rep. (CCH) P27,179 at 45,635 (S.D.Fla.1997), aff'd in relevant part,

vacated in *part and remanded sub nom*………………….…………………………………….………5

*Sidoti v. CFTC*, 178 F.3d 1132 (11thCir.1999)…………………….…..…………………….....5

*In the Matter of Robbins Futures, Inc.*, 2003 CFTC LEXIS 67, Comm. Fut. L.

Rep. (CCH) 29,503 (2003)………………………………………………………...…......….…5

*Buttrey v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 410 F.2d 135, 142-43*

(7thCir.1969)…………………………………………………………………………….....…6

*Berthoud v. Veselik*, 2002 WL 1559594 *6 (N.D. Ill.)……………….……………………....6

*Miley v. Oppenheimer*, 637 F.2d 318, 334 (5thCir. 1981)………..………………………….…6

*Peacock v. Oppenheimer & Co.,* 1981 WL 1652 (N.D.Ill)………...………………………….6

*Mihara v. Dean Witter & Co., Inc.*, 619 F. 2d 814, 824 (9thCir.1980)....................................6

*Clark v. John Lamula Investors, Inc.*, 583 F.2d 594, 601 (2ndCir.1978)………..……………...6

C.    Plaintiffs Have Alleged Facts to Show that Interactive's

    Misconduct was the Proximate Cause of their Damages………………………………………7

D.    Plaintiffs Have Stated Claims for Aiding and Abetting

    Steele's Breaches of Fiduciary Duties and Fraudulent Scheme…………………………………7

*Kolbeck v. LIT America, Inc.*, 923 F.Supp. 557, 572 (S.D.N.Y.1996)……………………….....7

*Bloomington Partners, LLC. V. City of Bloomington,* 2005 WL 3536340

*9-11 (C.D.Ill. 2005)……………………………………...… ……...........…………………8

*Witzman v. Lehrman & Flom,* 601 N.W.2d 179, (Minn.1999)……….……………….…….....8

*Eastern Trading Co. v. Refco, Inc.,* 229 F.3d 617, 624 (7[th]Cir.2000)….........……………..…8

*In the Matter of Lake States Commodities, Inc.,* 936 F.Supp. 1461, 1478

(N.D.Ill.1996), *abrogated in part on other grounds*……………………………………………9

*Damato v. Hermanson*, 153 F.3d 464 (7th Cir.1998)………………...………………………9

*Shacket v. Philko Aviation, Inc.,* 590 F.Supp. 664, 668 (N.D.Ill.1984)………………...….…9

*Resolution Trust Corp. v. Farmer*, 823 F.Supp. 302, 309 (E.D.Pa.1993)…..………………….9

*Neilson v. Union Bank of California, N.A.,* 290 F.Supp.2d 1101, 1117-1132

(C.D.Cal.2003)………………………………………………………………………...….9

*Javitch v. First Montauk Financial Corp.*, 279 F.Supp.2d 931, 946

(N.D.Ohio.2003)……………………………………………………….……...…..….9

*Fraternity Fund Ltd. v. Beacon Hill Asset Management,*

*LLC 479 F.Supp.2d 349,* 367-368  (S.D.N.Y.2007)……………………………….....….......…9

*OSRecovery, Inc. v. One Groupe, Int'l, Inc., 354 F. Supp. 2d 357, 378 (S.D.*

N.Y.2005)...........................................................................……………...............9

*Levine v. Diamanthusel, Inc.,* 950 F.2d 1478, 1483 (9thCir.1991)…....……………..……..…9

*Tew v. Chase Manhattan Bank, N.A.*, 728 F. Supp. 1551, 1568

(S.D. Fla. 1990)………………………………………………………………......……9

*Andreo v. Friedlander, Gaines, Cohen, Rosenthal & Rosenberg, 660 F. Supp.*

*1362,* 1367 D.Conn.1987)…………………………….……………..…….……………..……9

*Chem-Age Industries, Inc. v. Glover* 652 N.W.2d 756, 775 (S.D.2002)..………………...........9

*Umble v. Sandy McKie and Sons, Inc.*, 294 Ill.App.3d 449, 451,

690 N.E.2d 157, 159 (2dDist. 1998)…………………………………….……………..…..9

*Lawyers Title Trust Ins. Corp. v. United American Bank of Memphis,*

21 F.Supp.2d  785*,* 798-801(W.D.Tenn.1996)……………………………………….......…10

*Aspacher v. Kretz,* 2000 U.S. District Court LEXIS 5731 *6 (N.D.Ill.)…..………………….....10

Harrison v. Dean Witter Reynolds Incorporated, 974 F.2d 873 (7th Cir.1992)………..……...10

E.      Rule 9(b) of the Fed. R. Civ. Pro.*Does Not Apply*

to this Case, or in Any Event, They  Satisfied its Requirements…………………………..……10

*In re Fleming Packing Corporation*, 370 B.R. 774, 796 (C.D.Ill.2007)….………………….…10

*In re American Business Financial Services, Inc.*, 362 B.R. 135, 145

(Dist.Delaware.2007)………….………………………..……………….……..……………..….10

*In re Jamuna Real Estate LLC,* 365 B.R., 540, ___ (Bkrtcy.E.D.Pa.2007)…………………..…10

*Borsellino v. Goldman Sachs Group, Incorporated, 477 F.3d 502, 507*

(7thCir.2007)……………………………………………………..……………………..……..11

*Hollinger International, Inc. v. Hollinger, Inc., 2007 WL 1029089, *7*

(N.D.Ill.2007)……………………………………………….……………………..…………11

*Colman v. Greenfield*, 2005 WL 2592538 (N.D.Ill.)…………………….……………….....……11

*In the Matter of Interactive Brokers, LLC* (CFTC), Docket No. 07-07, and No.

06-BCC-010………………………………………………………………………….....……11

*CFTC v. Steele*, No. No. 05 C 3130 (N.D.Ill.2005)………...…….……………….....……11

*RCMP IMET v. Kevin Jason Steele,* 2006 BC 1875……………………………….....……11

F.    <u>Plaintiffs Hereby Withdraw their In-Concert Claims</u>

*Fortae v. Holland,* 334 Ill.App.3d 705, 715-720, 778 N.E.2d 159, 167-172 (5th

Dist.2002)…………………………….…………………….……………………….........…11

*Bloomington Partners, LLC. V. City of Bloomington,* 2005 WL 3536340 *9-11

(C.D.Ill. 2005)………………………………………………………………………….......11

*Sanke v. Bechina,* 216 Ill.App.3d at 971-72, 576 N.E.2d at 1218-19 *2dDist.

1991)…………………………………………………………………….......……………….…11

G.    <u>Plaintiffs Have Alleged a Cause of Action for Unjust Enrichment</u>

*Lilly v. Ford Motor Co.,* 2002 WL 84603 *6 ……...……….…..……....……………….....…12

*Ramirez v. Smart Corp.,* 863 N.E.2d 800 …………..…………….……....……………….....12

*TCF Mortg. Corp. v. Gelber Holding Co.,* 1991 U.S. Dist. LEXIS 9052

*8-10 (N.D.Ill. 1991)…………………………………………………..……………….....13

H.    <u>Plaintiffs' Willful and Wanton Claim Should Not be Dismissed</u>…………………………14

CONCLUSION……………………………………………….……………………………14

## TABLE OF AUTHORITIES

Cases

*In re American Business Financial Services, Inc.,*
362 B.R. 135, 145 (Dist.Delaware.2007)…………………………………………... …....10

*Andreo v. Friedlander, Gaines, Cohen, Rosenthal & Rosenberg,*
660 F. Supp. 1362, 1367 (D.Conn.1987)…………………………………………………9

*Berthoud v. Veselik*, 2002 WL 1559594 *6 (N.D. Ill.)…………………………………6

*Peacock v. Oppenheimer & Co.,* 1981 WL 1652 (N.D.Ill.)……………..……… ……….6

*Bloomington Partners, LLC v. City of Bloomington,*
2005 WL 3536340 *9-11 (C.D.Ill. 2005)……………..………………………..……..4,8,11

*Borsellino v. Goldman Sachs Group, Incorporated*,
477 F.3d 502, 507 (7thCir.2007)……………………………………….…………10,11

*Buttrey v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.,*
410 F.2d 135, 142-43 (7thCir.1969)…………………………………………………...6

*CFTC v. Steele*, No. No. 05 C 3130 (N.D.Ill.2005)……………......…………..……...11

*CFTC v. Trinity Financial Group Inc.*, [1996-1998 Transfer Binder]
Comm. Fut. L. Rep. (CCH) P27,179 at 45,635 (S.D.Fla.1997),
*aff'd in relevant part, vacated in part and remanded sub nom.......................................…....5*

*Chem-Age Industries, Inc. v. Glover* 652 N.W.2d 756, 775 (S.D.2002)…………..……...9

*Choi v. Chase Manhattan Mortgage Co.*, 63 F.Supp.2d 874, 885 (N.D.Ill.1999)………...3

*Clark v. John Lamula Investors, Inc.*, 583 F.2d 594, 601 (2ndCir.1978)…………….......6

*Colman v. Greenfield*, 2005 WL 2592538 (N.D.Ill.)…………………………………....11

*Cromer Finance Ltd. v. Berger*, 2003 WL 21436164 *9 (S.D.N.Y.2003)……………....14

*Damato v. Hermanson,* 153 F.3d 464 (7thCir.1998)…………………………………......8

*Eastern Trading Co. v. Refco, Inc.*, 229 F.3d 617, 624 (7[th]Cir.2000)……………...….3

*In re Fleming Packing Corporation*, 370 B.R. 774, 796 (C.D.Ill.2007)……………...3,10

*In re First National Trading Corp.*, [1992 Transfer Binder]
Comm. L. Rep. (CCH) 26,142 at 41,786 (1994), *aff'd., without an opinion*..……………5

*Fortae v. Holland,* 334 Ill.App.3d 705, 715-720, 778 N.E.2d 159 (5[th]Dist.2002)………11

*Fraternity Fund Ltd. v. Beacon Hill Asset Management, LLC*

479 F.Supp.2d 349, 367-368 (S.D.N.Y.2007)……………………………….…..…..….8

*Hodgson v. Gilmartin*, 2006 WL 2869532 *4 (E.D.Pa.)……………………..……...5

*Hollinger International, Inc. v. Holl-inger, Inc.,*

2007 WL 1029089, *7 (N.D.Ill.2007)…………………………………...…...……11

*Index Futures Group, Inc. v. Ross*, 199 Ill.App.3d 468,

557 N.E.2d 344, 348 (1stDist.1990)……………………………………...……...…..3

*In the Matter of Interactive Brokers, LLC* (CFTC) Docket No. 07-07;

NFA BCC Complaint 06-BCC-010……………………………………………….…..11

*In re Jamuna Real Estate LLC*, 365 B.R. 540, 553 (Bkrtcy.E.D.Pa.2007)………………10

*In the Matter of Lake States Commodities, Inc.*, 936 F.Supp. 1461, 1478

(N.D.Ill.1996), *abrogated in part on other grounds*……………………..………...8,9

*In re Paragon Futures Assoc.*, [1990-1992 Transfer Binder]

Comm. Fut. L. Rep. (CCH) 25,266 at 38,850 (1992)……………………...….………5

*Javitch v. First Montauk Financial Corp.*,

279 F.Supp.2d 931, 946 (N.D.Ohio.2003)……………………….….….…………..…..8

*Kolbeck v. LIT America, Inc.*, 923 F.Supp. 557, 572 (S.D.N.Y.1996)………....….……7,9

*Lawyers Title Trust Ins. Corp. v. United American Bank of Memphis*,

21 F.Supp.2d 785, 798-801 (W.D.Tenn.1996)………………………….………………10

*Levine v. Diamanthusel, Inc.*, 950 F.2d 1478, 1483 (9thCir.1991)…………………….9

*Lilly v. Ford Motor Co.*, 2002 U.S. Dist. LEXIS 910 *16, (N.D.Ill.2002)………………12

*Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1020 (7thCir.1992)……………………11

*Mihara v. Dean Witter & Co., Inc.*, 619 F. 2d 814, 824 (9thCir.1980)……………..……6

*Miley v. Oppenheimer*, 637 F.2d 318, 334 (5thCir. 1981)…………………..….……6

*Monieson v. CFTC*, 996 F. 2d 852 (7thCir.1993)………………………………………...5

*Mueller v. Community Consolidated School Dist. 54*, 287 Ill.App.3d 337,

341-42, 678 N.E.2d 660, 664 (1stDist. 1997)……………………………………..…...5

*Neilson v. Union Bank of California, N.A.*, 290 F.Supp.2d 1101,

1117-1132 (C.D.Cal.2003)…………………………………………………………..8

*OSRecovery, Inc. v. One Groupe, Int'l, Inc.,* 354 F. Supp. 2d 357, 378

(S.D. N.Y.2005)………………………… …………………………………………8

*Pick v. CFTC,* No 95-3761 (6th Cir.1996)……………………………………….……...5

*Peacock v. Oppenheimer & Co.,* 1981 WL 1652 (N.D.Ill.)………………………………6

*Ramirez v. Smart Corp.*, 371 Ill.App.3d. 797, 863 N.E.2d 800, (3rdDist.2006)………...12

*RCMP IMET v. Kevin Jason Steele,* 2006 BC 1875……………………….….…….……11

*Resolution Trust Corp. v. Farmer*, 823 F.Supp. 302, 309 (E.D.Pa.1993)………………..8

*In the Matter of Robbins Futures, Inc.*, 2003 CFTC LEXIS 67,

Comm. Fut. L. Rep. (CCH) 29,503 (2003)……………………………….….……….5

*Sanke v. Bechina,* 216 Ill.App.3d 962, 971-72,

576 N.E.2d 1212, 1218-19 (2dDist.1991)…………………………………………..……11

*Shacket v. Philko Aviation, Inc.,* 590 F.Supp. 664, 668 (N.D.Ill.1984)…..……………....8

*Sidoti v. CFTC*, 178 F.3d 1132 (11thCir.1999)………………………………….……...5

*Tark v. Shearson/American Express, Inc.*, 123 Ill.App.3d 75,

462 N.E.2d 610, 614 (1stDist.1984)……………………………………………………3

*TCF Mortg. Corp. v. Gelber Holding Co.*,

1991 U.S. Dist. LEXIS 9052 *8-10 (N.D.Ill.1991)……………………………………...13

*Tew v. Chase Manhattan Bank, N.A.*, 728 F. Supp. 1551, 1568 (S.D. Fla. 1990)………...9

*Unity House, Inc. v. First Commercial Financial Group,*

1997 WL 701345 *12-13 (N.D.Ill.), *abrogated on other grounds*,

153 F.3d 464 (7[th]Cir.1998)………..…………………………………………………4

*Van Horne v. Muller*, 294 Ill.App.3d 649, 657,

691 N.E.2d 74, 79 (1stDist.1998), *affirmed in part and reversed*

*in part on other grounds*, 185 Ill.2d 299, 705 N.E2d 898 (1998)……………….. …….5

*Western Union Life Assurance Co. v. Fifth Third Bank*,

2003 WL 444417, *3 (N.D.Ill.2003)……………………………………………………11

*Witzman v. Lehrman, Lehrman & Flom*, 601 N.W.2d 179, 186 (Minn.1999)……………8

I.    Introduction

The Plaintiffs consist of 123 individuals and entities from Canada, Germany, Switzerland, France, and the United States.  Defendant, Interactive Brokers, LLC ("Interactive") filed a Motion to Dismiss the Complaint.  It should be denied.

II.    Summary of Facts Alleged[1]

Interactive was registered as a Futures Commission Merchant ("FCM") with the Commodity Futures Trading Commission ("CFTC") and as a Broker-Dealer with the Securities and Exchange Commission. (C¶10) It was also a Member of the National Futures Association ("NFA"), National Association of Securities Dealers, Inc. ("NASD"), and the New York Stock Exchange ("NYSE").[2] (C¶10) Kevin J. Steele ("Steele") is serving a sentence in Canada for the fraudulent scheme he perpetrated on the Plaintiffs and about 80 additional victims through his account at Interactive.  (C¶2)

Steele stated on his Interactive account opening forms that his "liquid net worth" was only $175,000, and that he was self-employed as a trader.  (C¶14)  He also stated that he would only be using his money to trade futures contracts at Interactive.  *Id*.  Yet, between February 2003 through May 2005, Interactive recklessly: (a) accepted 135 wire transfers from third parties totaling more than $7,700,000, which it credited to Steele's account, knowing that the funds did not belong to him (C¶5); (b) issued checks made payable to him personally and wire transferred funds to his personal bank account totaling more than $3,100,000, knowing that the funds did not belong to him (C¶¶38,39) (some withdrawals

---

[1] References to the Complaint shall be made as "C¶__", and references to the parties' Memoranda shall be made as "Inter-active's Memo at __" and "Plaintiffs' Memo", respectively.

[2] Interactive alleges facts in its Memo at 1-3 that are not in the Complaint:

"Interactive customers direct their own trading, place their own orders and send those orders to Interactive via the internet.  Interactive does not have traditional brokers or sales persons who make recommendations to customers or take orders by telephone."

This may not be considered in ruling on Interactive's Motion to Dismiss under Rule 12(b)(6) of the Fed. R. Civ. Pro. *Steinbrecher v. Oswego Police Officer Dichey*, 138 F.Supp.2d 1003, 1107 (N.D.Ill.2001).

were made on the same day deposits were made or shortly thereafter) (C¶40); and (c) entered orders to trade futures contracts worth many millions of dollars with funds <u>Interactive knew did not belong to him</u>, which resulted in more than <u>$4,300,000</u> in losses (C¶41) (including about <u>$2,000,000</u> in just two days) (C¶82).

Interactive disingenuously asked Steele several times where he was getting the money in his account, knowing, nonetheless, that it did not belong to him. (C¶¶55-57) Interactive intentionally, knowingly, and consciously "turned a blind eye" on Steele's activities and his absurdly inconsistent and patently false explanations about where he was getting the money in his account.  (C¶¶62-75) Initially, Steele told Interactive's employees on several occasions that his liquid net worth was only <u>$175,000</u>, and that he was merely withdrawing large sums of money from his account to pay for his "living expenses". (C¶56) This, however, was grossly out of line with the enormous size of his trades and the losses he was sustaining as a "full-time trader". (C¶¶42-44)

Then, in order to provide Interactive's employees with a basis for denying later, albeit falsely, that they did not know he was operating an illegal commodity pool, and that he was using money that did not belong to him to trade speculative futures contracts (C¶48), he suddenly told Interactive that his liquid net worth had increased to <u>$300,000</u>, but he repeated that he was only withdrawing large sums of money from his account to pay for his "living expenses".  (C¶46) Nevertheless, a <u>$300,000</u> liquid net worth was still way out of line with the amount of money flowing into and out of his account, the size of the trades he was making, and his claim that he was merely using the money he had withdrawn to pay for his "living expenses".  (C¶46)  Shortly after telling Interactive's employees this, he sent them an email stating that the extremely large sums flowing into and out of his account came from real estate transactions in foreign countries.  (C¶59)  This, of course, was patently inconsistent with the explanation

he just gave them that he was a "full-time trader", that his liquid net worth was <u>only $300,000</u>, and that he was merely withdrawing large sums of money to pay for his "living expenses".  (C¶¶62,63)

Interactive's employees and managers knew that these explanations were false, but they intentionally, knowingly, and consciously looked the other way because they did not want Interactive to lose the opportunity to continue earning hundreds of thousands of dollars in commissions, and, as already noted, to impair their ability to claim later, albeit falsely, that they did not know that the money in Steele's account did not belong to him.

In order to conceal what he was doing, Interactive's employees told him to:

> "…<u>consolidate [the] deposits and withdrawals [in his account] because…the regular activity is what is drawing flags…especially when the withdrawals are coupled with deposits on the same day…it raises the question…" [and that they] "would prefer to see a withdrawal once a month for $250,000</u>."  (C¶¶78,79)

Interactive's employees knew that Steele did not need $250,000 per month for living expenses. (C¶81)

III.    <u>Argument</u>

A.    <u>Interactive Owed Plaintiffs a Duty of Due Care</u>[3]

A viable negligence claim is based on a foreseeable injury, the likelihood of the injury, the burden of guarding against it, and the consequences of placing a burden on the defendant to avoid the injury.  *Choi v. Chase Manhattan Mortgage Co.*, 63 F.Supp.2d 874, 885 (N.D.Ill.1999).  Plaintiffs' injuries were readily foreseeable, and the burden on Interactive to avoid them was minimal.  *Index Futures Group, Inc. v. Ross*, 199 Ill.App.3d 468, 557 N.E.2d 344, 348 (1stDist.1990); *Tark v. Shearson/American Express, Inc.*, 123 Ill.App.3d 75, 462 N.E.2d 610, 614 (1stDist.1984); *Eastern*

---

[3] Plaintiffs will address Interactive's arguments in the order in which they made them, although they do not follow the order in which Plaintiffs made their claims in the Complaint.  Interactive's negligence claim is in Count Six of the Complaint.

*Trading Co. v. Refco, Inc.*, 229 F.3d 617, 624 (7[th]Cir.2000); *Berthoud v. Veselik*, 2002 WL 1559594 *6

(N.D.Ill.).  Interactive's employees only had to make a few phone calls to some of the third parties who

made incoming wire transfers to ask them why they were depositing so much money into Steele's

account, but Interactive's employees consciously decided not to do this or anything else to reconcile

Steele's preposterous explanations.  (C¶68)

The Seventh Circuit held in *Unity House, Inc. v. First Commercial Financial Group,* 1997 WL

701345 *12-13 (N.D.Ill.), *abrogated on other grounds,* 153 F.3d 464 (7[th]Cir.1998), that:

> "FCFG argues that UH cannot meet the "duty" element because the parties neither knew
> nor had contact with each other until after the trading at issue in this case was over. This
> argument hinges on the characterization of duty in the Illinois case of *Pelham v.
> Griesheimer* as 'whether the defendant and plaintiffs stood in such a relationship to one
> another that the law imposed upon the defendant an obligation of reasonable conduct for
> the benefit of the plaintiffs.' [citation omitted] FCFG's treatment of the 'relationship' at
> issue as requiring that the parties know of each other and have contact with each other
> completely misses the point.  A defendant owes a duty to the plaintiff if the defendant 'is
> under *any* obligation for the benefit of the particular plaintiff.'  [citation omitted]
> …Illinois courts do not require that the plaintiff and defendant have a contractual
> relationship with each other in order to find the existence of a tort duty.  [citation omit-
> ed]  In fact, UH need *not* show that it was expected to be the one injured; instead, UH
> need only show that the kind of injury that occurred to it was reasonably foreseeable.
> [citation omitted]"

*Bloomington Partners, LLC v. City of Bloomington,* 2005 WL 3536340 *9-11 (C.D.Ill.2005); *Berthoud

v. Veselik*, 2002 WL 1559594 *6 (N.D.Ill.).  Clearly, Interactive owed the Plaintiffs a duty of care

although they had not done business with the firm (other than wire transferring money to Interactive).

The allegations summarized in this Memo at 1-3 show that, particularly in light of the numerous, glaring

"red flags" surrounding Steele's account, Interactive owed the Plaintiffs a duty to prevent him from

continuing to use its employees and facilities to further his fraud.  Interactive's acts and omissions

deviated substantially from the generally accepted customs, practices, and standards in the industry.

(C¶87)

For these reasons, Interative's motion to dismiss Count Six of the Complaint must be denied.

B.    <u>Interactive Recklessly Failed to Train and Supervise its Employees</u>[4]

A negligent supervision claim arises when an employer owes a duty to supervise its employees, the employer negligently failed to supervise them, and the plaintiff sustained damages from the negligence.  *E.g., Van Horne v. Muller*, 294 Ill.App.3d 649, 657, 691 N.E.2d 74, 79 (1stDist.1998), *aff'd in part and reversed in part on other grounds*, 185 Ill.2d 299, 705 N.E2d 898 (1998); *Mueller v. Community Consolidated School Dist. 54*, 287 Ill.App.3d 337, 341-42, 678 N.E.2d 660, 664 (1stDist. 1997); *Hodgson v. Gilmartin*, 2006 WL 2869532 *4 (E.D.Pa.).

CFTC Reg. §166.3 states (*eff.*, 1978) that:

> "…[e]ach Commission registrant [such as Interactive]… must *diligently supervise* the handling by its partners, officers, employees and agents…of all commodity interest accounts carried, operated, advised or introduced by the registrant and all other activities of its partners, officers and agents…relating to its business as a Commission registrant. "

The CFTC has held time and time again that a FCM has a "duty" to develop procedures to detect and deter possible wrongdoing by its agents.  *E.g., In re First National Trading Corp.,* [1992 Transfer Binder] Comm. L. Rep. (CCH) ¶26,142 at 41,786 (1994), *aff'd., Pick v. CFTC,* No 95-3761 (6th Cir.1996); *Monieson v. CFTC*, 996 F.2d 852 (7thCir.1993); *In re Paragon Futures Assoc.*, [1990-1992 Transfer Binder] Comm. Fut. L. Rep. (CCH) 25,266 at 38,850 (1992) (proper procedures required to detect wrongdoing); *CFTC v. Trinity Financial Group Inc.*, [1996-1998 Transfer Binder] Comm. Fut. L. Rep. (CCH) P27,179 at 45,635 (S.D.Fla.1997), *aff'd in relevant part, vacated in part, and remanded sub nom., Sidoti v. CFTC*, 178 F.3d 1132 (11thCir.1999).

In *In the Matter of Robbins Futures, Inc.*, 2003 CFTC LEXIS 67, Comm. Fut. L. Rep. (CCH) 29,503 (2003), a FCM, Robbins Futures, Inc. ("RFI") opened four accounts for Andrew Duncan ("Duncan") in the name of The Aurum Society ("Aurum").  Duncan had his victims wire transfer large sums of money to these accounts at RFI.  He then had RFI wire transfer their funds to Aurum bank

---

[4] Plaintiffs' claim that Interactive recklessly failed to train and supervise its employees appears in Count Seven.

accounts over seas. Some of the wires were made shortly after RFI received deposits from third parties. The CFTC held that RFI lacked any procedures: (a) to determine whether the incoming wire transfers came from the account holders; and (b) to review the "over all" activity in its customers' accounts for suspicious transactions (*e.g.*, outgoing wires made shortly after incoming wires were received). The CFTC held that RFI violated CFTC Reg. §166.3. Interactive is no less guilty of violating this regulation.

The NFA, NASD, and NYSE ("SROs") also adopted rules on April 22-24, 2002, pursuant to the USA Patriot Act, *eff.,* October 26, 2001, or more than <u>one year</u> before Steele began his fraudulent scheme, which required their Members, including Interactive, to adopt and implement policies and procedures to detect illegal money laundering, including, at a minimum, to designate a Compliance Officer to ensure compliance with them, implement an ongoing employee training program, and use an independent auditing function to test their programs. Brokerage firms following generally accepted customs, practices, and standards in the industry, were implementing procedures like these well before and after the SROs adopted these rules, but Interactive recklessly ignored them. (C¶¶94-106)

Plaintiffs realize that Courts hold that no cause of action exists under SRO rules, but SRO rules provide evidence of industry standards of care. *Buttrey v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 410 F.2d 135, 142-43 (7thCir.1969); *Berthoud v. Veselik*, 2002 WL 1559594 *6 (N.D.Ill.); *Miley v. Oppenheimer*, 637 F.2d 318, 334 (5thCir.1981); *Peacock v. Oppenheimer & Co.,* 1981 WL 1652 (N.D.Ill.); *Mihara v. Dean Witter & Co., Inc.,* 619 F.2d 814, 824 (9thCir.1980); *Clark v. John Lamula Investors, Inc.*, 583 F.2d 594, 601 (2ndCir.1978). Interactive's supervisors recklessly ignored these rules and the generally accepted customs, practices, and standards in the industry.

Interactive's motion to dismiss Count Seven must be denied.

C.     Plaintiffs Have Alleged Facts to Show that Interactive's Misconduct was the
       Proximate Cause of their Damages

Interactive mistakenly claims that the Plaintiffs have not alleged that its misconduct was the

proximate cause of their damages.  The Plaintiffs have alleged both factual and legal causes for their

losses.  Their losses were foreseeable and they would not have suffered them without Interactive's

misconduct.  Interactive did not merely furnish a condition for Steele's fraud; its own misconduct was

the proximate cause of Plaintiffs' losses.[5]

D.     Plaintiffs have Stated Claims for Aiding and Abetting Steele's
       Breaches of Fiduciary Duties and Fraudulent Scheme[6]

Illinois follows Section 876 of the Restatement (Second) of Torts to evaluate aiding and abetting

claims.  It states in pertinent part:

> "For harm resulting to a third person from the tortious conduct of another, one is subject
> to liability if he,…
>
> "(b)     knows that the other's conduct constitutes a breach of duty and gives substantial
> assistance or encouragement to the other so to conduct himself, or
>
> "(c)     gives substantial assistance to the other in accomplishing a tortious result and his
> own conduct, separately considered, constitutes a breach of duty to the third person."

(1)     Duty Allegations

Interactive relies on *Kolbeck v. LIT America, Inc.,* 939 F.Supp. at 247,[7] to claim that Plaintiffs'

aiding and abetting claims should be dismissed for failing to allege that it owed them an independent

---

[5] Interactive relies on *Kolbeck v. LIT America, Inc.*, 939 F.Supp. 240, 247 (S.D.N.Y.1998), in making arguments about
Plaintiffs' negligence claim, but it involved an aiding and abetting claim decided under New York law.  *See*, Section D, *infra*.
The Court, however, dealt with plaintiff's negligence claim in an earlier opinion, where it stated that, under New York law, a
duty arises only when a broker does business with the plaintiff, *Kolbeck v. LIT America, Inc.*, 923 F.Supp. 557, 572
(S.D.N.Y.1996), but this holding conflicts directly with Illinois law.  *See,* Section A, *supra*.

[6] Plaintiffs' aiding and abetting claims appear in Counts One and Two of their Complaint.

[7] Interactive relies on New York case law throughout its Memo, although it often conflicts with Illinois law.

duty, but Section (b), *supra,* does not say anything about any duty that an aider and abettor must owe a plaintiff. *Bloomington Partners, LLC v. City of Bloomington,* 2005 WL 3536340 *9-11.

Section (c) states that a defendant must owe a duty to the plaintiff, but Sections A and B of this Memo explain why Interactive owed duties to the Plaintiffs. In fact, one of Interactive's cases, *Witzman v. Lehrman, Lehrman & Flom,* 601 N.W.2d 179, 186 (Minn.1999), states that: "[u]nlike negligence claims, aiding and abetting liability does not require the existence of, nor does it create a pre-existing duty of care to a third party nonclient."

      (2)    <u>Knowledge Allegations</u>

Section (b) requires an allegation that the defendant knew of another wrongdoer's tortious conduct, which the Plaintiffs alleged about Interactive throughout their Complaint. *See*, this Memo at 1-3. Yet, it must be emphasized that Illinois holds that "turning a blind eye" or consciously avoiding facts about another tortfeasor's misconduct satisfies the knowledge requirement. The Plaintiffs have alleged this as well. (C¶¶48,51,75) (Section (c) has no knowledge requirement.)

*Eastern Trading Co. v. Refco, Inc.*, 229 F.3d 617, 624 (7[th]Cir.2000); *In the Matter of Lake States Commodities, Inc.,* 936 F.Supp. 1461, 1478 (N.D.Ill.1996), *abrogated in part on other grounds*, *Damato v. Hermanson,* 153 F.3d 464 (7[th]Cir.1998), *Shacket v. Philko Aviation, Inc.,* 590 F.Supp. 664, 668 (N.D.Ill.1984); *other jurisdictions in accord, Resolution Trust Corp. v. Farmer*, 823 F.Supp. 302, 309 (E.D.Pa.1993); *other jurisdictions in accord*, *Neilson v. Union Bank of California, N.A.*, 290 F.Supp.2d 1101, 1117-1132 (C.D.Cal.2003); *Javitch v. First Montauk Financial Corp.*, 279 F.Supp.2d 931, 946 (N.D.Ohio.2003); *Fraternity Fund Ltd. v. Beacon Hill Asset Management, LLC*, 479 F.Supp.2d 349, 367-368 (S.D.N.Y.2007), *motion for reconsideration denied,* 2007 WL 1138866 *1 (S.D.N.Y.) (there is "…no reason to spare a putative aider and abettor who consciously avoids confirming facts that, if known, would demonstrate the fraudulent nature of the endeavor…' "); *OSRecovery, Inc. v. One*

*Groupe, Int'l, Inc.*, 354 F. Supp. 2d 357, 378 (S.D.N.Y.2005); *Levine v. Diamanthusel, Inc.*, 950 F.2d

1478, 1483 (9thCir.1991); *Tew v. Chase Manhattan Bank, N.A.*, 728 F. Supp. 1551, 1568

(S.D.Fla.1990), *amended on reconsideration*, 741 F. Supp. 220 (S.D.Fla.1990); *Andreo v. Friedlander,*

*Gaines, Cohen, Rosenthal & Rosenberg*, 660 F. Supp. 1362, 1367 (D.Conn.1987); *Chem-Age Industries,*

*Inc. v. Glover,* 652 N.W.2d 756, 775 (S.D.2002).

(3)    <u>Allegations of Substantial Assistance</u>

Interactive relies on *Kolbeck v. LIT America, Inc., supra,* 939 F.Supp. at 247, this time to claim

that the Plaintiffs have not alleged facts to show that it provided Steele with "substantial assistance".

*Kolbeck* held: " '…one provide[s] substantial assistance if he 'affirmatively assists, helps conceal, or by

virtue of failing to act when required to do so enables it to proceed.' " *Id*.  But the Plaintiffs have alleged

all of this in their Complaint.  *See,* this Memo at 1-3.  The only Illinois case that Interactive cites is

*Umble v. Sandy McKie and Sons, Inc.,* 294 Ill.App.3d. 449, 451, 690 N.E.2d 157, 159 (2dDist.1998),

which deals with an auto dealer who returned a drunken driver's car keys to him after repairing his car.

The drunken driver caused a collision that resulted in the death of plaintiff's decedent.  The Court held

that the "…complaint contains no allegation that any of the defendant's employees actively

encouraged…[the drunken driver] to get back in his car…" or that it provided him with "substantial

assistance" in any other way.  (The Court even noted that the repairs could have made the car safer.)

The Plaintiffs' allegations are entirely unlike the facts in *Umble*.

Interactive contends that it was merely carrying out its day-to-day activities to generate fees

lawfully, relying on a New York case, *Pereira v, United Jersey Bank*, 201 B.R. 644, 671-72

(S.D.N.Y.1996).  Illinois views this very differently.  *In the Matter of Lake States Commodities, Inc.*,

936 F.Supp. at 1478, defendant, Geldermann Commodities, Inc. ("Geldermann") claimed that, since the

plaintiffs did not make any payments directly to it, and that it had not benefited from the scheme, it

could not be held liable for the plaintiffs' losses. The Court disagreed because Gelderman had received "lucrative commissions" for executing trades with plaintiffs' money. In this case, Interactive received $7,700,000 directly from the Plaintiffs and other victims, and it received $649,308 in commissions for the trades it executed with their money. *Lawyers Title Trust Ins. Corp. v. United American Bank of Memphis*, 21 F.Supp.2d 785, 798-801 (W.D.Tenn.1996) (criticizing *Pereira*).

Interactive also relies on cases where claims other than common law aiding and abetting claims were decided. *Aspacher v. Kretz*, 2000 U.S. District Court LEXIS 5731 *6 (N.D.Ill.) (common law fraud, negligent misrepresentations of fact, conversion, breach of fiduciary duty, and violations of the Consumer Fraud Act and Fraudulent Conveyance Act); *Damato v. Hermanson,* 153 F.3d 464 (conspiracy to defraud, common law fraud, violations of the Consumer Fraud Act, and aiding and abetting under sections 4b, 4o, 13(a), 22(a)(1) of the Commodity Exchange Act, 7 U.S.C. §§6b, 6o, 13c(a), and 25(a)(1)(where the statutory requirements are very different than under Illinois law)); and *Harrison v. Dean Witter Reynolds Incorporated*, 974 F.2d 873 (7thCir.1992) (controlling person liability under the Securities and Exchange Act, *respondeat superior* liability for an employee's conduct, and negligent hiring and retention of an employee). Plaintiffs do not base any of their causes of action on those alleged in *Aspacher*, *Damato*, or *Harrison* (and the facts in each are quite distinguish-able).

E.    Rule 9(b) of the Fed. R. Civ. Pro. Does Not Apply to this Case, or, in any Event, they have Satisfied its Requirements

Rule 9(b) does not apply to state law claims for aiding and abetting a breach of fiduciary duty. *In re Fleming Packing Corporation*, 370 B.R. 774, 796 (C.D.Ill.2007); *In re American Business Financial Services, Inc.,* 362 B.R. 135, 145 (Dist.Delaware.2007) (applying Rule 8(a)); *In re Jamuna Real Estate LLC*, 365 B.R. 540, 553 (Bkrtcy.E.D.Pa.2007). "Rule 9(b) applies to "…averments of fraud, not claims of fraud, so whether the rule applies will depend on the plaintiffs' factual allegations.' "

*Borsellino v. Goldman Sachs Group, Incorporated*, 477 F.3d 502, 507 (7thCir.2007).  Interactive seems to agree that Plaintiffs have not asserted any fraud or breach of fiduciary duty claims. *See,* Interactive's Memo at 18 regarding its motion to dismiss Plaintiffs' unjust enrichment claim, and the Plaintiffs' response to it.  *See,* Memo at 12-13, *infra*.

But, even if Rule 9(b) were applicable to this case, it would only require that Plaintiffs plead sufficient facts to put Interactive on notice of <u>its role</u> in Steele's scheme.  *Hollinger International, Inc. v. Hollinger, Inc.,* 2007 WL 1029089 *7 (N.D.Ill.2007).  Plaintiffs have done this in great detail.  Interactive knows full well what its role in this case was, and 9(b)'s pleading standards are less stringent "…where the matters alleged are within the opposing parties' knowledge…".  *Colman v. Greenfield*, 2005 WL 2592538 (N.D.Ill.), *citing Western Union Life Assurance Co. v. Fifth Third Bank*. 2003 WL 444417, *3 (N.D.Ill.2003); *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1020 (7thCir.1992).

Certainly, Interactive would not have settled the cases the CFTC and NFA Business Conduct Committee brought against it, both entitled, *In the Matter of Interactive Brokers, LLC* (CFTC), Docket No. 07-07 and No. 06-BCC-010, without understanding the evidence against it.  The CFTC also filed an action against Steele in *CFTC v. Steele*, No. 05 C 3130 (N.D.Ill.2005), and a Canadian Court sentenced him to a term of imprisonment.  *RCMP IMET v. Kevin Jason Steele*, 2006 BC 1875.  Documents relating to these proceedings are a part of the public record.  There is no reason why the Court should require the Plaintiffs to expand upon the allegations they made in their Complaint.

F.    <u>Plaintiffs are Withdrawing their In-Concert Claims[9]</u>

Illinois does not draw a distinction between in-concert liability claims and aiding and abetting claims.  *E.g.*, *Fortae v. Holland,* 334 Ill.App.3d 705, 715-720, 778 N.E.2d 159, 167-172 (5[th]Dist.2002); *Bloom-ington Partners, LLC v. City of Bloomington,* 2005 WL 3536340 *9-11 (C.D.Ill.2005); *Sanke v. Bechina,* 216 Ill.App.3d 962, 971-72, 576 N.E.2d 1212, 1218-19 (2dDist.1991).  For this reason, the

---

[9] *See* Counts Three and Four of their Complaint.

Plaintiffs are withdrawing their in-concert liability claims to streamline this case. *See,* Rule 16(c)(2) of the Fed. R. Civ. Pro.

G.    Plaintiffs Have Alleged a Cause of Action for Unjust Enrichment

To state a claim for unjust enrichment under Illinois law, a plaintiff must allege that: (1) the defendant retained a benefit, (2) to the plaintiff's detriment, and (3) fundamental principles of justice, equity, and good conscience require that the defendant give the benefit to the plaintiff. *Lilly v. Ford Motor Co.,* 2002 U.S. Dist. LEXIS 910 *16, (N.D.Ill.2002); *Ramirez v. Smart Corp.,* 371 Ill.App.3d. 797, 863 N.E.2d 800, (3rdDist.2006).

Interactive has mischaracterized a portion of Plaintiffs' unjust enrichment claim. The Plaintiffs have not claimed that it received commissions by "mistake". They have based their unjust enrichment claim by on allegations that:

(a)    Interactive is not permitted to benefit from its wrongful conduct by retaining the commissions it paid itself from Steele's account with Plaintiffs' money; C¶187

(b)    Interactive's retention of these commissions would violate fundamental principles of justice, equity, and good conscience; C¶188

(c)    The Plaintiffs have a greater right to these commissions than any right Interactive might have; C¶189

(d).    Interactive would be unjustly enriched if it were allowed to retain these commissions. C¶190

Interactive argues that the Plaintiffs' allegations of wrongful conduct are conclusory, relying on *Association Ben. Services, Inc. v. Caremark RX, Inc.*, 493 F.3d. 841,854 (7[th]Cir.2007). Interactive contends that merely charging Steele commissions was not "wrongful", but this argument ignores the facts surrounding the commissions it received, which detail its wrongful misconduct. *See*, this Memo at 1-3, and *In the Matter of Lake States Commodities, Inc.*, 936 F.Supp. 1461 at 1478, and *Lawyers Title Trust Ins. Corp*, 21 F.Supp.2d at 798.

Plaintiffs have alleged that Interactive deducted $649,308 from Steele's account for executing his trades while it knew that the money he was using to make them did not belong to him. Interactive claims, nonetheless, that the Plaintiffs' allegations that they have a greater right to these commissions are conclusory. This is pure nonsense. There can be no doubt that Plaintiffs have a greater right to the commissions it earned with their money.

Interactive next claims that Plaintiffs are not entitled to their commissions because they have not shown that it owed them any duties, but the Plaintiffs have alleged that Interactive owed them a duty of due care and a duty to train and supervise its employees properly, which Interactive breached repeatedly. *See*, Sections A and B, *supra*. Interactive also claims that the Court should not impose a constructive trust on the $649,308 because the Plaintiffs have not alleged fraud, breach of fiduciary duty,[10] duress, coercion or mistake. The Court, however, stated in *TCF Mortg. Corp. v. Gelber Holding Co.*, 1991 U.S. Dist. LEXIS 9052 *8-10 (N.D.Ill.1991), that:

> "The particular circumstances in which equity will impress a constructive trust are as numerous as the modes by which property may be obtained through bad faith and unconscionable acts…A constructive trust is imposed by a court because the person holding title to property would profit by a wrong or would be unjustly enriched if he were permitted to keep the property…The court has already determined that TCF states a claim for unjust enrichment. Accordingly, the imposition of a constructive trust is an available remedy. See HPI Health Care, 545 N.E.2d at 678 ("unjust enrichment underlies a number of legal and equitable actions and remedies, including the equitable remedy of construct-ive trust . . .")…"

In short, even if we were to assume, for purposes of argument only, that Plaintiffs had not alleged that Interactive engaged in any wrongful misconduct, the Plaintiffs would still be entitled to the imposition of a constructive trust because they have alleged facts showing that they have a better claim to the $649,308 than any right Interactive might have, and Interactive would be unjustly enriched if it were allowed to retain this money.

---

[10] As noted above, Interactive's contention that Plaintiffs have not raised a fraud or breach of fiduciary duty claim reinforces Plaintiffs' argument that Rule 9(b) does not apply to this case.

H.     <u>Plaintiffs' Willful and Wanton Claim Should Not be Dismissed</u>[11]

Interactive correctly notes that there is no separate cause of action for willful and wanton misconduct under Illinois law, but the Plaintiffs incorporated all of the facts they alleged in Counts One and Two into Count Five.   Counts One and Two allege intentional, grossly negligent, and reckless misconduct.   The only additional allegations made in Count Five are conclusions of law that Interactive's acts and omissions were committed with utter indifference to and in conscious and reckless disregard for the Plaintiffs' welfare. (C¶¶174-176) Interactive should not be allowed to elevate form over substance in light of the notice pleading standards in Rule 8(a) of the Fed. R. Civ. Pro.

CONCLUSION

For the foregoing reasons, Interactive's Motion to Dismiss the Plaintiffs' Complaint should be denied in its entirety.

Plaintiffs,

Dated February 4, 2008

By: /S/ Peter J. Berman
        Their attorney

Peter J. Berman
Peter J. Berman, Ltd.
332 S. Michigan Avenue, Suite 1000
Chicago, IL 60604-4398
312.408.1114
No. 0190535
Attorney for Plaintiffs

---

[11] Plaintiffs' willful and wanton claim appears in Count Five of the Complaint.