THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS ARMSTRONG, et al., | ) |
| Plaintiffs, | ) Case No. 07-C-6916 |
| | ) Hon. Ronald A. Guzman |
| v. | ) Magistrate Judge Sidney I. Schenkier |
| | ) REMOVAL OF ACTION FROM |
| | ) THE CIRCUIT COURT OF |
| | ) COOK COUNTY, ILLINOIS |
| | ) PURSUANT TO 28 U.S.C. §1441(a) |
| | ) (DIVERSITY OF CITIZENSHIP) |
| INTERACTIVE BROKERS LLC, | ) |
| Defendant. | ) |

**INTERACTIVE BROKERS LLC'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS**

What is striking, and telling, about Plaintiffs' Opposition is that, in many respects, it fails to address the legal and factual deficiencies raised by Interactive in its Motion. Ultimately, this is not surprising because Plaintiffs' attempts to find a deep pocket are just not supported by the law or sound policy. Numerous courts have held that banks and broker-dealers do not have a general duty of care to members of the public absent some special fiduciary or agency relationship. Indeed, these institutions could not function if the law imposed on them the duty Plaintiffs' would have this Court impose, i.e., a general duty to protect the public from fraud or criminality that might be perpetrated by any customer of the bank or broker. Plaintiffs simply avoid addressing that law, which was set forth at length in Interactive's Motion.

The fact is, Kevin J. Steele ("Steele") is responsible for Plaintiffs' injuries, not Interactive. Steele obtained their money through deception. Steele lied to them about the nature

1

and status of their investments. In the course of doing so, Steele also perpetrated a fraud on Interactive. Indeed, according to undisputed facts alleged by Canadian criminal authorities and the U.S. Commodity Futures Trading Commission ("CFTC"), and admitted by Plaintiffs, Steele took active, fraudulent steps to *prevent* Interactive from learning of Plaintiffs' existence and that Steele was depositing their funds in his Interactive account. Plaintiffs were never customers of Interactive, and Interactive never served as a broker, investment advisor, or fiduciary to any Plaintiff. Plaintiffs were the customers of *Steele*—he served as their broker, investment advisor, and fiduciary. Steele was never an employee, associate, or affiliate of Interactive in any way. The only connection between Steele and Interactive was that Steele was one of tens of thousands of online customer accounts at Interactive.

The only potentially significant facts alleged by Plaintiffs in their attempt to manufacture a duty owed to them by Interactive and to claim that Interactive's actions (and not Steele's) were the proximate cause of their damages are: (1) that a handful of Plaintiffs deposited money into Steele's Interactive account; (2) Steele's financial activity was inconsistent with his claimed net worth; and (3) that—with the benefit of 20-20 hindsight—Steele's responses to routine inquiries from Interactive's compliance personnel were insufficient. Even accepting these factual allegations as true, they do not create a duty from Interactive to these unknown third parties who had—unbeknownst to Interactive—hired Steele as their investment advisor. Nor do these facts support Plaintiffs' claim that Interactive's actions, rather than Steele's deliberate criminality or Plaintiffs' own lack of diligence in hiring Steele, are the proximate cause of Plaintiffs' injuries. And Plaintiffs' allegations, even if accepted, utterly fail to support their claim that Interactive knowingly aided and abetted Steele's fraud and breaches of fiduciary duty.

In sum, Plaintiffs have failed to address the Illinois case law demonstrating that their negligence claims fail as matter of law because (1) Interactive owed them no duty of care, and (2) Interactive's actions were not the proximate cause of their injuries. For their negligent training and supervision claims, Plaintiffs fail to recognize the required elements. Plaintiffs also have failed to address the case law on aiding and abetting, which requires, *inter alia*, (1) pleading the primary violation, and (2) pleading sufficient facts to show that Interactive knowingly assisted Steele with the intent to help him achieve his wrongful goal. Indeed, as explained below, they are now trying to state claims for aiding and abetting without even citing the required elements for that cause of action. Similarly, Plaintiffs have failed to counter Interactive's arguments regarding the insufficiency of their claim for unjust enrichment.

Plaintiffs' failure to address Interactive's Motion in a substantive way, instead relying upon conclusory and bare allegations and assertions, is fatal to their Complaint. *See County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006) ("When presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action."); *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) ("An unresponsive response is no response."). Therefore, Plaintiffs' Complaint must be dismissed for the reasons discussed in Interactive's Motion and for the reasons discussed below.

## ARGUMENT

**I.    Plaintiffs' Claims for Negligence, Gross Negligence, and Reckless Misconduct Fail as Matter of Law.**

As Interactive established in its Motion, Plaintiffs' negligence claims fail as a matter of law because (1) Interactive did not owe them a duty of care and (2) even if Interactive owed Plaintiffs a duty of care, Interactive's actions were not the proximate cause of Plaintiffs'

3

investment losses. (*See* Motion at 3-7.) Plaintiffs' Opposition fails to rescue their claims from these fatal deficiencies.

      A.     **Plaintiffs Fail to Identify Any Legally Cognizable Duty of Care Owed to Them by Interactive.**

In an attempt to save their claims, Plaintiffs recite the factors courts consider in deciding whether to impose a duty of care and assert in a conclusory manner that their "injuries were readily foreseeable, and the burden on Interactive to avoid them was minimal." (Opposition at 3.) Plaintiffs' assertion simply ignores Illinois case law that establishes that Interactive did not owe them a duty of care. First, Plaintiffs have no response to Interactive's argument that it did not owe a general duty of care to "the public" or "members of the public," as Plaintiffs allege throughout their Complaint. (*See* Motion at 4.) Nor could they respond—their position has no support under Illinois law. Second, Plaintiffs offer no response to the fact that Interactive had no duty to protect them from Steele's criminal conduct. (*See* Motion at 3.) Third, Plaintiffs make no attempt to address the case law rejecting the imposition of a duty of care where the parties are situated in the manner presented in this case. (Motion at 4-5, discussing *Harrison v. Dean Witter*, 715 F. Supp. 1425 (N.D. Ill. 1989) (applying Illinois law) and citing *Rozsa v. May Davis Group, Inc.*, 187 F. Supp. 2d 123 (S.D.N.Y. 2002) (New York law) and *Riggs v. Schappell*, 939 F. Supp. 321 (D.N.J. 1996) (New Jersey law).)

Not only do Plaintiffs fail to support their assertion that their injuries were "readily foreseeable" with any *analysis*, the string of cases they rely on are either wholly inapposite or actually support Interactive's position. In all but one of the cases cited by Plaintiffs, the defendant owed the plaintiff a duty of care based on contract, partnership, agency, or third party beneficiary principles. *Index Futures Group, Inc. v. Ross*, 557 N.E.2d 344 (Ill. App. Ct. 1990) (contract); *Tark v. Shearson/American Express, Inc.*, 462 N.E.2d 610 (Ill. App. Ct. 1984)

4

(contract); *Eastern Trading Co. v. Refco, Inc.*, 299 F.3d 617 (7th Cir. 2000) (partnership); *Berthold v. Veselik*, No. 01 C 6895, 2002 WL 1559594 (N.D. Ill. July 15, 2002) (agency); *Choi v. Chase Manhattan Mortg. Co.*, 63 F. Supp. 2d 874 (N.D. Ill. 1999) (third party beneficiary). Those bases for imposing a duty of care are simply not applicable here.

*Unity House, Inc. v. First Commercial Fin. Group*, No. 96C-1716, 1997 WL 701345 (N.D. Ill. Nov. 5, 1997), is the only case cited by Plaintiffs that does not involve a preexisting duty based on contract, agency, or similar relationship. In that case, however, the court granted summary judgment in favor of the defendant broker finding that it did not owe an unknown third-party investor a duty of care. *Id.* at *3-5. Indeed, the outcome in *Unity House* is similar to the court's holding in *Harrison v. Dean Witter*, 715 F. Supp. 1425 (N.D. Ill. 1989), a highly instructive case discussed in Interactive's Motion (and which Plaintiffs fail to address). In *Harrison*, the court, on summary judgment, found that a broker owed no duty to an investor, as a member of the general public, from the fraudulent activities of two of its employees. *Id.* at 1435-36. In this case, Steele was not even Interactive's employee—he had no relationship with Interactive whatsoever except as one of tens of thousands of Interactive's public customers.

The only analysis Plaintiffs offer in support of their assertion that the burden on Interactive to prevent their injuries was minimal is that "Interactive's employees only had to make a few phone calls…." (Opposition at 4.) Given that none of Steele's 200+ customers discovered his fraud for more than two years, and given that it took months of investigation by two different law enforcement agencies in two countries to uncover the extent of Steele's activities, this assertion is absurd on its face. More importantly, however, the burden Plaintiffs would impose on Interactive is a limitless one to protect the general public and to anticipate and ferret out scoundrels like Steele. As Interactive established in its Motion, Illinois courts have

5

expressly rejected this proposition. *See, e.g., Dunn v. Baltimore & Ohio R. Co.,* 537 N.E.2d 738, 745 (Ill. 1989) ("We believe that the imposition of general duty to anticipate and guard against the negligence of others would place an intolerable burden on society.")

Finally, Plaintiffs' extensive reliance on various industry rules and regulations does not establish that Interactive owed them a duty of care. As the court in *Unity House* noted, "the Seventh Circuit has firmly held that rules promulgated by the CFTC and NFA do not provide private causes of action" and "*cannot be the basis for the legal duty necessary for [a] negligence claim to proceed.*" *Unity House*, 1997 WL 701345, at *4 (emphasis supplied). Moreover, none of those rules and regulations prohibit Interactive from accepting third-party deposits, transferring money at a customer's request, or any of the other actions mistakenly cited by Plaintiffs as "wrongful."

### B. Even if Interactive Owed Plaintiffs a Duty of Care, Its Actions Were Not the Proximate Cause of Plaintiffs' Investment Losses.

Plaintiffs offer nothing to counter the case law and facts discussed by Interactive in its Motion which demonstrate that Interactive's actions were not the proximate cause of Plaintiffs' investment losses. Instead, Plaintiffs offer only four conclusory statements (Opposition at 7) that are insufficient to survive a motion to dismiss. *See County of McHenry*, 438 F.3d at 818; *Kirksey*, 168 F.3d at 1041.

Under Illinois law, a negligence claim cannot lie where the injury is caused by an independent third-party actor and a defendant merely furnishes a condition by which injury is made possible. (Motion at 5-6.) There can be no question that *Steele*, an independent third-party actor, caused Plaintiffs' losses—*Steele* allegedly obtained Plaintiffs' money through deception and lied to them about their investments. Plaintiffs offer nothing in their Opposition to counter

these plain and simple facts, nor could they. Interactive was, therefore, not the factual cause of Plaintiffs' investment losses.

Interactive's Motion also established that Interactive was not the legal cause of Plaintiffs' injuries. (Motion at 6-7.) For a defendant's actions to constitute the legal cause of a plaintiff's injury, that injury must be reasonably foreseeable. *Abrams v. City of Chicago*, 811 N.E.2d 670, 670 (Ill. 2004). Under Illinois law, where the injury is the result of the independent decision of a third party to violate the law, it is not deemed a reasonably foreseeable result. *Id.* That is precisely the case here—as discussed above, and at length in Interactive's Motion, Plaintiffs' injuries were the result of *Steele's* independent decision to violate the law. Plaintiffs offer nothing in response.[1]

Where, as here, the plaintiff fails to set forth facts sufficient to show that the defendant's actions were the proximate cause of plaintiff's injuries, dismissal is appropriate. *See Rosengard v. McDonald*, 562 N.E.2d 583, 587-88 (Ill. App. Ct. 1990). Moreover, where, as here, the defendant raises an issue regarding the legal basis of a claim to be determined by the court, legal conclusions put forward as bare allegations and argument cannot survive a motion to dismiss. *Berry v. Illinois Dep't of Human Servs.*, No. 00 C 5538, 2001 WL 111035, at *7 (N.D. Ill. Feb. 2, 2001) ("in response to a motion to dismiss that raises issues as to a claim, the plaintiff must identify the legal basis for the claim and make adequate legal arguments in support of it."); *see also County of McHenry*, 438 F.3d at 818 (district courts are "not obliged to accept as true legal conclusions or unsupported conclusions of fact.") Plaintiffs' bare allegation and argument that

---

[1] In a feeble attempt to offer some substantive argument, Plaintiffs argue, in a footnote, that Interactive's reliance on *Kolbeck v. LIT Am., Inc.*, 939 F. Supp. 240, 247 (S.D.N.Y. 1998), is misplaced because it involved an aiding and abetting claim decided under New York law. (Opposition at 7 n.5.) Plaintiffs miss the mark entirely. *Kolbeck* is particularly illustrative due to its factual similarity and its analysis of *proximate cause*. *Id.* at 249. The *Kolbeck* court found that the broker defendant's actions—merely providing a vehicle for an independent third party to run an unregistered commodities pool—were not the proximate cause of the plaintiffs' injuries. *Id.*

their "losses were foreseeable"[2] and that "they would not have suffered them without Interactive's misconduct" (Opposition at 7) are insufficient as a matter of law. Their claims must be dismissed.

## II.　Plaintiffs Claim for Negligent Training and Supervision is Inadequately Plead.

The Complaint does not set forth facts sufficient to establish any of the elements necessary to state a claim for negligent training and supervision. (Motion at 7-8.) To state such a claim, "a plaintiff must plead and prove that the employer knew or should have known that the employee had a particular unfitness for his position so as to create a danger of harm to third persons and that the employer's failure to safeguard the plaintiff against this particular unfitness proximately caused the plaintiff's injury." *Platson v. NSM Am., Inc.*, 748 N.E.2d 1278, 1284 (Ill. App. Ct. 2001); *see also Jones v. Pratt*, No. 01 C 5536, 2004 WL 542533, at *4 (N.D. Ill. Feb. 11, 2004). To establish proximate cause, a "plaintiff must demonstrate a tangible connection between the employee's particular unfitness for the job and the resulting harm to the plaintiff." *Platson*, 748 N.E. 2d at 1284 (citation omitted). Finally, under Illinois law, "[t]here is no independent common law duty to retrain, train or supervise in a particular way. Thus, for an employer to be liable for negligence or misconduct in retaining, training or supervising an employee, the employee must have committed an independently actionable wrong." *Arnold v. Janssen Pharmaceutica, Inc.,* 215 F. Supp. 2d 951, 958 (N.D. Ill. 2002).

In their Opposition, Plaintiffs fail to even acknowledge the required elements. (Opposition at 5-6.) Instead, Plaintiffs cite a laundry list of industry rules and regulations and allege that Interactive ignored them. (*See* Opposition at 5-6.) This attempt to save their claims is futile; allegations of this type do not in any way make up for the plain and simple fact that

---

[2] It bears noting that Plaintiffs have misstated the legal standard—the test is whether Plaintiffs' losses were *reasonably* foreseeable.

Plaintiffs failed to allege facts establishing the required elements. In addition, as discussed above and in Interactive's Motion, Plaintiffs cannot establish that Interactive's actions were the proximate cause of Plaintiffs' losses. Their claims, therefore, must be dismissed.

### III.   Plaintiffs Have Failed to Adequately State Claims for Aiding and Abetting.

Interactive acknowledges that Plaintiffs are withdrawing their concert-in-action claims (Opposition at 11-12), and, accordingly, will not address them here. However, Plaintiffs have muddied the waters because it now appears they are attempting to assert *claims* for aiding and abetting using the *elements* of a claim for acting-in-concert.[3] Although the two theories of liability have similarities, Illinois courts have clearly set forth the elements of a claim for aiding and abetting: "(1) the party whom the defendant aids must perform a wrongful act which causes an injury; (2) the defendant must be regularly aware of his role as a part of the overall or tortious activity at the time that he provides the assistance; (3) the defendant must knowingly and substantially assist the principal violation." *Thornwood, Inc. v. Jenner & Block*, 799 N.E.2d 756, 759, 767 (Ill. App. 3d 2003)[4]; *see also Hefferman v. Bass*, 467 F.3d 596, 601 (7th Cir. 2006). Remarkably, Plaintiffs wholly failed to even identify these elements or even cite *Thornwood* or *Hefferman* in their Opposition.

In any event, this apparent slight of hand cannot avoid the force of Interactive's Motion. As Interactive established in its Motion, Plaintiffs' aiding and abetting claims fail as a matter of law because they (1) failed to adequately plead Steele's fraud and (2) failed to allege sufficient facts to show that Interactive was a knowing participant with the intent to assist Steele in accomplishing his goal and that Interactive substantially assisted Steele.

---

[3] Their claims should be dismissed on this ground alone because the Complaint no longer satisfies the very basic requirements of notice pleading.
[4] Although the *Thornwood* court acknowledged that the theories of aiding and abetting and concert-in-action are similar, it did not adopt the Restatement as the elements of an aiding and abetting claim. 799 N.E.2d at 767-68.

### A. Plaintiffs Have Failed to Adequately Plead the Primary Violation That Interactive is Alleged to Have Aided and Abetted.

To meet the first element of an aiding and abetting claim, Plaintiffs must adequately plead the primary violation that Interactive is alleged to have aided and abetted. *See Hefferman*, 467 F.3d at 601. In this case, Plaintiffs have attempted to state claims against Interactive that it aided and abetted Steele's breach of fiduciary duty and fraudulent scheme. Those primary violations by Steele must, therefore, be adequately pled so that this Court can evaluate Interactive's role in those primary violations. *Hefferman*, 467 F.3d at 601. In the case of fraud, Plaintiffs must meet the heightened pleading requirements of Rule 9(b). *Id.* Plaintiffs are simply wrong in their assertion that Rule 9(b) does not apply to this case. (Opposition at 10-11.)

As Interactive established in its Motion, Plaintiffs have failed to plead Steele's alleged fraud with *any* specificity, much less the specificity required by Rule 9(b). (Motion at 9-10.) The fact remains, therefore, that Plaintiffs have failed to adequately plead the first element of a claim for aiding and abetting. Plaintiffs miss the mark entirely with their assertion that they are only required to "plead sufficient facts to put Interactive on notice of its role in Steele's scheme." (Opposition at 11.) Their Complaint is deficient because it fails to allege Steele's scheme with any particularity. Consequently, this Court has no way of assessing the primary violation that Interactive is alleged to have aided and abetted, which means that this Court has no way of assessing how, if at all, Interactive participated in Steele's alleged misrepresentations and deception. (*See* Motion at 9-10.) Similarly, a bald assertion that "Interactive knows full well what its role in this case was" does no work for Plaintiffs, naked references to settlements with

governing bodies do not constitute facts[5], and vague citations to documents in "the public record" cannot fill the gaping holes in the Complaint. (Opposition at 11.)

> B. **Plaintiffs Have Failed to Plead Sufficient Facts to Show That Interactive Knowingly Participated in Steele's Fraud or Breaches of Fiduciary Duty.**

Plaintiffs' only response to Interactive's argument that the Complaint fails to set forth sufficient facts to show that Interactive knowingly participated in Steele's fraud is that "it must be emphasized that Illinois holds that 'turning a blind eye' or consciously avoiding facts about another tortfeasor's misconduct satisfies the knowledge requirement." (Opposition at 8.) This does nothing to save their claims; the facts alleged in the Complaint are simply not sufficient to state a claim for aiding and abetting.

Noticeably, Plaintiffs make no attempt to address *Damato v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 787 F. Supp. 1156 (N.D. Ill. 1995), or *Aspacher v. Kretz*, No. 94 C 6741, 2000 WL 298906 (N.D. Ill. March 21, 2000), the two Illinois cases discussed in Interactive's Motion. Given that "aiding and abetting is a theory for holding the person who aids and abets liable for the tort itself," *Hefferman*, 467 F.3d at 601, these decisions are very instructive and were discussed in some detail in Interactive's Motion. (Motion at 10-13.) In both, the plaintiffs attempted to show the brokerage firm knowingly participated in another's fraud using facts very similar to those alleged by Plaintiffs here. The *Damato* court dismissed the complaint and the *Aspacher* court dismissed the claims at summary judgment. Plaintiffs here will never be able to allege more than they have already done and, therefore, will never be able to establish that Interactive was aware of its role or that it knowingly and substantially assisted Steele.

---

[5] Moreover, in settling with the CFTC and the NFA, Interactive neither admitted nor denied any wrongdoing. In addition, those two administrative action settlements required disgorgement or restitution in a total amount of $500,000, not the multi-million dollars of alleged losses Plaintiffs claim here.

Nor do Plaintiffs address the Illinois case law holding that, to impose aiding and abetting liability, it must be shown that Interactive had the intent to help Steele achieve his goal of breaching his fiduciary duties or defrauding Plaintiffs. (*See* Motion at 10, *citing People v. Nutall*, 728 N.E.2d 597 (Ill. App. 3d 2000), *Renovitch v. Kaufman*, 905 F.2d 1040 (7th Cir. 1990), and *Bosco v. Serhant*, 836 F.2d 271 (7th Cir. 1987).) Plaintiffs have not offered a shred of factual support for the proposition that Interactive had the intent to promote or facilitate Steele's violation, *Nutall*, 728 N.E.2d at 632-33, had "thrown in [its] lot with [Steele]," *Renovitch*, 905 F.2d at 1047, or that Interactive had a desire to help Steele achieve his goal, *Bosco*, 836 F.2d at 279. That is, the Complaint does not allege – presumably because it would be incredible on its face – that Interactive knew and intended that Steele obtained Plaintiffs' funds through deception, converted their funds, and lied about their putative trading profits. The Complaint does not have any such explicit allegations because Plaintiffs will never be able to state any such allegations.

  **C.**  **Plaintiffs Have Failed to Show That Interactive Substantially Assisted Steele.**

Given that this case does not involve car accidents caused by drunken drivers, Plaintiffs are quite right that the facts in *Umble v. Sandy McKie and Sons, Inc.*, 690 N.E.2d 157 (Ill. App. Ct. 1998), are distinguishable from the facts here. (Opposition at 9.) Again, however, Plaintiffs have driven right past the point. As Interactive explained in its Motion, *Umble* expresses the "prevailing view amongst Illinois courts that, to have given substantial assistance to the principal actor, the alleged aider and abettor's conduct must have been inherently wrongful or they must have actively encouraged the principal actor to engage in the wrongful conduct." (Motion at 13.) Plaintiffs have failed to allege any facts even suggesting that Interactive encouraged Steele or

12

took active steps to help him. (Motion at 14.) Nor do the facts alleged by Plaintiffs indicate that Interactive's actions were inherently wrongful. (Motion at 15.)

Plaintiffs attempt to rely on *In the Matter of Lake States Commodities, Inc.*, 936 F. Supp. 1461 (N.D. Ill. 1996), in support of their argument that Interactive substantially assisted Steele by virtue of earning commissions on the trades submitted by Steele. (Opposition at 9-10.) However, the *Lake States* court's decision on this point hinged on the fact that the defendant broker "knew it was receiving a substantial benefit from [the principal wrongdoer's] fraudulent activity, and continued to willingly receive its commissions despite [that knowledge]...." *Id.* at 1478. As established in Interactive's Motion, Plaintiffs cannot allege facts sufficient to show that Interactive had the type of knowledge the broker in *Lake States* had. (Motion at 10-13.)

In sum, Plaintiffs have (1) failed to adequately allege the primary violations that Interactive is alleged to have aided and abetted, (2) failed to plead sufficient facts to show that Interactive knowingly participated in Steele's fraud or breaches of fiduciary duty with the intent to help him achieve his goal, and (3) failed to demonstrate that Interactive substantially assisted Steele. For these reasons, Plaintiffs' aiding and abetting claims must be dismissed.

**IV.     Willful and Wanton Misconduct is Not a Cause of Action and Must Be Dismissed.**

Plaintiffs concede that "there is no separate cause of action for willful and wanton misconduct under Illinois law," but then invite this Court to elevate substance over form, apparently because this Count contains only "conclusions of law." (Opposition at 14.) Plaintiffs argue that this Count should not be dismissed because they "incorporated all of the facts they alleged in Counts One and Two into Count Five," and that "Counts One and Two allege intentional, grossly negligent, and reckless misconduct." (Opposition at 14.) Plaintiffs are confused about the substance of their own Complaint. Count Five does indeed incorporate

13

Counts One and Two, which attempt to state claims for aiding and abetting. However, Counts One and Two *do not* allege, as Plaintiffs contend, "grossly negligent, and reckless misconduct."[6] Count Five does not incorporate the allegations contained in Counts Six and Seven, so Count Five cannot be construed to be adding to those Counts.

The upshot is this: (1) Plaintiffs attempted to state a claim for Willful and Wanton Misconduct; (2) no such cause of action exists in Illinois; and (3) one cannot tell from the form or the substance of the Complaint what Count Five relates to. Plaintiffs' invitation to this Court to disregard Illinois law and elevate substance over form must be rejected.

### V.     Plaintiffs' Claim for Unjust Enrichment is Inadequately Plead.

To state a claim for unjust enrichment, a plaintiff must demonstrate that (1) the defendant procured the benefit from the third party through some type of wrongful conduct, or (2) the plaintiff has a better claim to the benefit than the defendant. *Assoc. Ben. Servs. v. Caremark RX, Inc.*, 493 F.3d 841, 857 (7th Cir. 2007). In addition, a plaintiff must establish that the defendant had a duty to act and breached that duty. *Lewis v. Lead Indus. Ass'n, Inc.,* 793 N.E.2d 869, 877 (Ill. App. Ct. 2003). As established in Interactive's Motion, Interactive did not owe Plaintiffs a duty of care and its conduct—executing trades submitted by its customer, Steele, and charging commissions on those trades—was not wrongful. Plaintiffs' unjust enrichment claim must, therefore, be dismissed.

Under Illinois law, where a plaintiff's unjust enrichment claim is based on the same allegations offered in support of its other claims, the resolution of those other claims will be dispositive of the unjust enrichment claim. *Assoc. Ben. Servs.*, 493 F.3d at 855. In their Opposition, Plaintiffs generally contend that the "facts surrounding the commissions

---

[6] Further confusing things, Count Five also incorporates Counts Three and Four (now withdrawn), and those Counts do not allege "grossly negligent, and reckless misconduct" either.

[Interactive] received," which support their other causes of actions, demonstrate wrongdoing. (Opposition at 12.) As explained in Interactive's Motion, all of Plaintiffs' claims fail as a matter of law. Therefore, Plaintiffs' claim for unjust enrichment must also be dismissed.[7]

Nor can Plaintiffs establish they have a greater right to the commissions at issue. Plaintiffs were generally aware that Interactive was processing trades submitted by Steele. It is disingenuous to now argue that Interactive was unjustly enriched for performing services that Plaintiffs knew about and must have expected Interactive to perform. Moreover, Plaintiffs' conclusory allegation that they "have a greater right to these commissions" does not meet the pleading standard established in *Twombly*.

Finally, a constructive trust is not appropriate here; Plaintiffs' arguments to the contrary are of no force. A constructive trust may not be established where Plaintiffs are unable to make specific allegations of wrongdoing that are so clear, convincing, strong and unequivocal as to lead to but one conclusion. (Motion at 18.) As Interactive's Motion made plain, Plaintiffs are far from satisfying that burden. Nor is a constructive trust appropriate, as Plaintiffs contend, on the ground that Interactive would be unjustly enriched if it were allowed to retain the funds. (Opposition at 13.) As explained above, and in Interactive's Motion, Plaintiffs' unjust enrichment claim fails as a matter of law.

---

[7] Plaintiffs' reliance on *In the Matter of Lake States Commodities, Inc.*, 936 F. Supp. 1461 (N.D. Ill. 1996), and *Lawyers Title Trust Ins. Corp. v. United Am. Bank of Memphis*, 21 F. Supp. 2d 785 (W.D. Tenn. 1996) is misplaced. In *Lakes States*, unlike here, the court found that the defendant broker actively assisted and/or encouraged the primary wrongdoer. *See Lake States,* 936 F. Supp. at 1478. As established in Interactive's Motion, Plaintiffs' claims here have no such support. Also, the *Lawyers Title* court dismissed the plaintiff's unjust enrichment claim because, like here, the defendant broker owed the plaintiffs no duty of care. 21 F. Supp. 2d at 806-807.

**CONCLUSION**

For the reasons discussed above, Interactive respectfully requests that the Court grant its Motion to Dismiss.

**Dated:** February 21, 2008.

                Respectfully submitted,

        By:    /s/Ted S. Helwig
                  Counsel for Interactive Brokers LLC

                  Ted S. Helwig
                  Dean V. Hoffman
                  Jeffrey E. Jamison
                  **KATTEN MUCHIN ROSENMAN LLP**
                  525 West Monroe Street
                  Chicago, Illinois 60661
                  (312) 902-5200
                  (312) 902-1061 (fax)