THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS ARMSTRONG, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 07-C-6916 |
| | ) | |
| v. | ) | Hon. Ronald A. Guzman |
| | ) | Magistrate Judge Sidney I. Schenkier |
| Interactive Brokers, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' AGREED MOTION FOR AN
EXTENSION OF TIME TO FILE THEIR AMENDED COMPLAINT**

The Plaintiffs hereby move the Court to enter an order granting them additional time to file their Amended Complaint. In support of their motion, the Plaintiffs state as follows:

1. This action stems from a fraudulent scheme that Kevin J. Steele ("Steele"), a Canadian citizen, perpetrated upon more than 200 individuals and entities in the United States, Canada, Germany, and Switzerland, who suffered net out-of-pocket losses totaling approximately $8,100,000 (U.S.).

2. The Provincial Court of Nakusp for the Province of British Columbia, Canada convicted Steele of criminal fraud and sentenced him to six (6) years in prison.

3. The Plaintiffs brought an eight (8) Count Complaint against Defendant, Interactive Brokers, LLC ("Interactive"). After the Plaintiffs voluntarily dismissed Counts Three and Four of the Complaint, the Court dismissed Counts One, Two, and Eight without prejudice, and Counts Five, Six, and Seven with prejudice on May 7, 2008.

4. Counts One and Two claim that Interactive aided and abetted Steele's fraudulent scheme and the fiduciary the duties he owed the Plaintiffs. Count Five is based on Interactive's alleged willful and wanton misconduct. Count Eight is based on unjust enrichment warr-anting the imposition of a constructive trust on the commissions Interactive deducted from Steele's account.

5.  The Court's May 7, 2008 order held that the Plaintiffs would have to satisfy the standards under Rule 9(b) of the Fed.R.Civ.Pro. for alleging fraud with particularity to proceed with the causes of action alleged in Counts One, Two, and Eight of their Complaint.

6.  In essence, the Court held that each Plaintiff would have to allege "…the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to [them]." *See* the Court's May 7, 2008 order at 2.

7.  The Plaintiffs consist of 123 individuals and entities from Canada, Germany, Switzerland, France, and the United States. (Most of the Plaintiffs reside in Canada.)

8.  The Court granted the Plaintiffs 14 days or until May 22, 2008 to file an Amended Complaint, but their counsel needs an additional 30 days to communicate effectively with his clients to prepare an amended complaint for them.

9.  Clearly, over the past few months one (1) of the Plaintiffs has been in Bangladesh, some have been traveling in Europe, two (2) of whom will not be returning to their homes until May 15, 2008, which has made it impossible for them to gather various documents their counsel has requested and confer fully with him.

10. Furthermore, four (4) of the Plaintiffs only speak German, which Plaintiffs' counsel does not speak. This has meant that all prior communications between these Plaintiffs and their counsel have been conducted through an interpreter, and all future communications will have to be conducted the same way.

11. Several Plaintiffs are elderly, and they do not have email to communicate expeditiously with their counsel or his legal assistants. This has made it much more difficult to communicate with them.

12. Another Plaintiff is a paraplegic, who has needed his mother's assistance to communicate with counsel, which has taken a substantial amount of time to arrange.

13. In addition, Plaintiffs' counsel is a sole practitioner, and, due to responsibilities he owes to other clients, he would find it extremely difficult, if not impossible to confirm all of the facts he needs to prepare Plaintiffs' Amended Complaint by May 22, 2008, or only 9 days from now -- without regard to the other matters described above.

14. Interactive will not suffer any prejudice from an order granting the Plaintiffs an additional 30 days to file their Amended Complaint.

15. To be sure, Interactive has agreed to the extension of time requested in this motion.

## CONCLUSION

For the foregoing reasons, and in the interest of justice, equity, and basic principles of fair play, the Plaintiffs respectfully move the Court to enter an order granting them until June 23, 2008 to file their Amended Complaint.

Plaintiffs,

By: _____
Peter J. Berman
Peter J. Berman, Ltd.
332 S. Michigan Avenue, Suite 1000
Chicago, IL 60604-4398
312.408.1114
No. 0190535
Attorney for Plaintiffs